IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE LUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-cv-01177 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint.1/

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: September 18, 2006.    Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

---

1/ The United States also asserts that the Court may lack personal jurisdiction. In cases similar to the instant actions, plaintiffs have attempted to effect initial process. Since plaintiff has not filed proof(s) of service, the United States is uncertain as to whether plaintiff himself or someone not a party effected service and whether the proper parties were served.

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE LUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-cv-01177 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1993, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes.

QUESTIONS PRESENTED

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. The complaint fails to allege that plaintiff has filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Steve Lutz, filed this complaint on June 26, 2006. The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1993", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of

statutes from the Internal Revenue Code. (Compl. ¶¶ 1, Counts 1-28.)2/

2. <u>Relief sought in the complaint</u>. Plaintiff seeks damages on account of willful, reckless, intentional, or negligent disregard by employees of the Internal Revenue Service of various provisions of the Internal Revenue Code. (Compl. ¶¶ 29, 30.)3/

### ARGUMENT

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks damages. (*See* Compl. generally.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

---

2/ Plaintiff's case is one of more than 100 known cases filed in this Court with substantially similar complaints and/or allegations.

3/ Plaintiff also may be seeking declaratory relief. (*See* Compl. ¶ 29.) If so, declaratory relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979

F.2d 1375 (9th Cir. 1992).4/

      Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiff asserts that he need not exhaust administrative remedies as the Internal Revenue Service has "articulate[d] a very clear position that [it] is unwilling to reconsider." (Compl. ¶¶ 7, 10,

---

4/    In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court dismissed a similar complaint for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. The United States understands the Court to have relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit, rather than a suit involving the United States. The United States respectfully asserts that this difference in parties is significant. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with statutory schemes of relief involving materially different parties. Therefore, the United States respectfully requests that the Court consider this difference and conclude that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.

11.)5/  Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.6/

## CONCLUSION

Because the Court lacks subject matter jurisdiction over the complaint and may lack subject matter jurisdiction over the United States, the complaint should be dismissed.

DATE: September 18, 2006.           Respectfully submitted,

   /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

---

5/Plaintiff also states, in conclusory fashion, that "[a]dministrative claims which plaintiff filed with the Internal Revenue Service and the Secretary of the Treasury work to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies[.]" (Compl. ¶ 17.)  He then concludes by stating that "[e]ven assuming some minor defect in [her] administrative claim, requiring [her] to comply with obsolete regulations or to again pursue administrative remedies would amount to nothing more than futile re-exhaustion."  (*Id.*)

6/  Alternatively, if the Court disagrees with the United States' assertion that the Court lacks jurisdiction, the United States requests that the Court dismiss plaintiff's complaint for failure to state a claim.  *See Turner*, *supra*.

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se* on the 18th day of September, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Steve Lutz
>*Plaintiff pro se*
>3411 Boot Bay Road
>Plant City, FL 33563

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1919947.1