IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE LUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-cv-01177 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS**

The United States submits this memorandum to address the three arguments raised by plaintiff in opposition to the motion to dismiss the complaint and otherwise relies on its motion to dismiss.

STATEMENT

Plaintiff asserts that the United States' motion to dismiss should be denied because (1) the requirement to exhaust administrative remedies should be considered "non-jurisdictional," (2) the Fed. R. Civ. P. do not require him to set out in detail the facts of his claim, and (3) "'failure to state a claim' is an 'affirmative defense.'" Plaintiff is incorrect.

Plaintiff cites to Judge Bates' decision in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), and Judge Walton's decision in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), for the proposition that the exhaustion requirement is non-

jurisdictional.1/ (Pl. Opp. at 1-4.)  This argument fails to defeat the United States' motion to dismiss for four reasons.  First, this court is not bound by these decisions.  *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional.  *See McGuirl v. United States*, 360 F.Supp.2d 125, 127-128 (D.D.C. 2004); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006) (Huvelle); *Gaines v. United States*, 424 F.Supp.2d 219 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 424 F.Supp.2d 213 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 424 F.Supp.2d 230 (D.D.C. 2006) (Huvelle); *Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006) (Urbina); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).

Third, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiff failed to assert that he timely filed a proper administrative

---

1/  As noted in its motion to dismiss, the United States asserts a failure to exhaust administrative remedies results in a lack of subject matter jurisdiction as there has been no waiver of sovereign immunity.

claim for damages under 26 U.S.C. § 7433.  (*See* U.S. Mem. in Support of Mot. to Dismiss Compl. at 2-5.)

And last, even though Judge Bates held that section 7433's exhaustion requirement is not jurisdictional, he nevertheless dismissed the cases for failure to state a claim.

Plaintiff's second argument – the Fed. R. Civ. P. do not require him to set out in detail the facts of his claim – is also insufficient to overcome the United States' motion to dismiss.  Fed. R. Civ. P. 8 does require "a short and plain statement of the claim showing that the pleader is entitled to relief ... ."  Fed. R. Civ. P. 8(a).  Pursuant to 26 U.S.C. § 7433, "damages shall not be awarded *** *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).  Plaintiff failed to comply with Fed. R. Civ. P. 8 because he failed to set forth a short and plain statement indicating that he exhausted his administrative remedies by filing a proper administrative claim for damages.

Plaintiff's third argument – "'failure to state a claim' is an 'affirmative defense'" - is also incorrect.  *See* Fed. R. Civ. P. 8(c).

## CONCLUSION

For the foregoing reasons and the reasons asserted in the United States' motion to dismiss the complaint, the United States requests that the Court dismiss this case.

DATE: November 16, 2006.　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ Jennifer L. Vozne
　　　　　　　　　　　　　　　　JENNIFER L. VOZNE
　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　Phone/Fax:  (202) 307-6555/514-6866
　　　　　　　　　　　　　　　　Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS was caused to be served upon plaintiff *pro se* on the 16th day of November, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Steve Lutz
>*Plaintiff pro se*
>3411 Boot Bay Road
>Plant City, FL 33563

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE