# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVE LUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 06-1177 (RMC) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Steve Lutz filed a *pro se* Complaint against the United States, alleging that

beginning with tax year 1993 up through the present, the Internal Revenue Service ("IRS") "through

principals, officers, agents, and/or employees" disregarded 26 provisions of Title 26 of the U.S.

Code, two provisions of Title 44 of the U.S. Code, one provision of Title 26 of the Code of Federal

Regulations, and one provision of Title 36 of the Code of Federal Regulations in connection with

the collection of federal taxes. *See* Compl. at 5-16, Counts 1-28 [Dkt. #1].[1] Plaintiff seeks damages

caused by the Government's allegedly willful, reckless, intentional, or negligent disregard for the

above provisions.[2] Compl. at 27, ¶ 29. This Complaint is one of many such "boilerplate" *pro se*

---

[1] Plaintiff also states that the listing in the Complaint is not inclusive, and that the IRS may have disregarded other provisions of Title 26 and its regulations of which Plaintiff was not aware. Compl. at 5, n. 4 [Dkt. #1].

[2] As an initial matter, the Court notices that Plaintiff lists violations of the Federal Records Act, 44 U.S.C. § 3101, the National Archives Act, 44 U.S.C. § 3106, and the Code of Federal Regulations. The exclusivity provision of 26 U.S.C. § 7433 precludes a damages claim based on violations of those statutes that occurred in connection with tax collection activity. *See Ross v. United States*, 460 F. Supp.2d 139, 151, n. 8 (D.D.C. 2006). Accordingly, Plaintiff has

complaints that were filed in the U.S. District Court for the District of Columbia. *See e.g.*, *Gaines v. United States*, 424 F. Supp. 2d 219, 221 (D.D.C. 2006) (collecting cases); *Ross v. United States*, 460 F. Supp. 2d 139, 141 (D.D.C. 2006) (dozens of individuals have filed complaints in a *pro se* capacity in the D.C. District Court); Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mot.") at 2, n. 2 (Government estimates over 100 cases have been filed in this Court with substantially similar complaints and/or allegations). The Government moves to dismiss the Complaint on the grounds that this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or alternatively, that Mr. Lutz has failed to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. at 2 & 5, n. 6. The Court will grant the Government's motion under Rule 12(b)(6) because Mr. Lutz failed to exhaust his administrative remedies, a prerequisite to a civil suit for damages under 26 U.S.C. § 7433.

## I. LEGAL STANDARDS

The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, pursuant to Rule 12(b)(6). "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp.

no claim for damages inasmuch as Plaintiff attempts to maintain his case on these grounds.

2d 15, 19 (D.D.C. 1998). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] plaintiff's obligation to provide the 'grounds' for 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. Factual allegations must be enough to raise the right of relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The Court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *See Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). But the Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning*, 292 F.3d at 242. In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## II. DISCUSSION

Mr. Lutz invokes the subject matter jurisdiction of the Court pursuant to 26 U.S.C. § 7433, which provides a cause of action to taxpayers for certain violations of Title 26 of the U.S.

Code. Compl. ¶ 1. That statute provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in [26 U.S.C. §] 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). Mr. Lutz then alleges a litany of 28 counts against the Government for which he requests relief. The crux of Mr. Lutz's Complaint is that the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity.

While § 7433 allows suits for damages against the United States, that section explicitly requires that "[a] judgment for damages shall not be awarded… unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff *within the Internal Revenue Service*." *Id*. § 7433(d)(1)(emphasis added). The IRS, in turn, has promulgated regulations that mandate that damages actions under § 7433 "may not be maintained unless the taxpayer has filed an administrative claim." 26 C.F.R. § 301.7433-1(e). A plaintiff claiming actual, direct economic damages as in this case must submit an administrative claim "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides," and include: (1) the taxpayer's name and contact information; (2) the grounds for the claim; (3) a description of the injuries incurred by the taxpayer; (4) the dollar amount of the claim; (5) and the signature of the taxpayer or duly authorized representative. 26 C.F.R. § 301.7433-1(e)(1), (2). The regulations also make clear that the taxpayer should include any substantiating documentation, evidence, and correspondence with the IRS. *Id*. Until the IRS rules on a properly filed claim, or six

months pass without a ruling, no civil action for damages will lie. 26 C.F.R. § 301.7433-1(d), (e)(2));

*see also Gaines*, 424 F. Supp. 2d at 221-22; *Turner v. United States*, 429 F. Supp. 2d 149, 151

(D.D.C. 2006).

Mr. Lutz does not represent in his Complaint or in his Opposition to the Government's

Motion to Dismiss that he filed the appropriate administrative claim in accordance with 26 C.F.R. §

301.7433-1(e). Instead, Plaintiff argues that an exception to the exhaustion of administrative remedies

applies to this case. *See* Compl. at 4-5, ¶¶ 6-11. Specifically Mr. Lutz suggests that: "an exception to

the exhaustion of administrative remedy is found where… '[a]n agency has articulated a very clear

position on [an] issue which it has demonstrated it would be unwilling to reconsider.'" Compl. at 4,

¶¶ 7, 9 (citing *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir.

1986)).[3]   Plaintiff is correct that courts have occasionally relieved plaintiffs of exhaustion

requirements.  *See e.g.*, *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992) (stating that "administrative

remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the

government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is

designed to further").   But this only occurs when the exhaustion requirement is itself a judicial

construct.  *Ross v. United States*, 460 F. Supp. 2d 139, 147 (D.D.C. 2006).

If exhaustion is a statutory mandate then courts may not carve out exceptions that are

---

[3] While the District of Columbia Court of Appeals in *Randolph* did note that there is an exception to the exhaustion of administrative remedy, it explained that this exception is only available if the Court determines it would be futile for the Plaintiff to exhaust administrative requirements.  *Randolph*, 795 F.2d at 105. Additionally, even if the exhaustion requirement is not mandated by statute, an implied exhaustion requirement may be waived "only in the most exceptional circumstances… Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]." *Id*. at 106.

unsupported by the statutory text. *Avocados Plus, Inc. v. Veneman,* 370 F.3d 1243, 1248 (D.C. Cir. 2004) (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it"); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000); *Ross v. United States*, 460 F. Supp. 2d 139, 147 (D.D.C. 2006); *Lindsey v. U.S.*, 448 F. Supp. 2d 37, 50 (D.D.C. 2006). In its 2006 decision in *Turner v. United States,* the district court dealt with the exact argument that Mr. Lutz advances here. *See Turner*, 429 F.Supp. 2d at 151-153. The taxpayer in *Turner* did not contest that he had failed to exhaust his administrative remedies, but instead argued that it would be futile to make the attempt because the administrative remedies were allegedly unavailable or inadequate. *Id*. at 152. The Court found this argument unavailing and stated that "when exhaustion is mandated by statute, courts are not free to carve out exceptions that are not supported by the text." *Turner*, 429 F. Supp. 2d at 151. There are no exceptions to the exhaustion requirement set forth in § 7433. *See* 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(e)(1), (2); C.F.R. § 301.7433-1(d). Mr. Lutz was required to exhaust his administrative remedy.

The Government devotes almost the entirety of its brief to urging this Court to dismiss this case for lack of subject matter jurisdiction, because a failure to exhaust an available administrative remedy is a jurisdictional defect under these circumstances. Def.s Mot. at 2-5. Specifically, the Government asserts that *Turner* should be distinguished from the present case because *Turner* relied on *Arbaugh v. Y & H Corp.*, a suit between two private litigants in a Title VII dispute. *See Arbaugh*, 546 U.S. 500 (2006). Defendants request that "the Court consider this difference and conclude that § 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity and thus an aspect of subject matter jurisdiction." Def.'s Mot. at 4, n. 4. This Court continues to follow precedent which holds that exhaustion under § 7433 is non-

jurisdictional because Congress did not expressly designate exhaustion under this statute as jurisdictional. *See Turner*, 429 F. Supp.2d at 154.

In *Turner*, the district court held that although exhaustion is necessary to state a claim under § 7433, lack thereof is not a jurisdictional defect. The district court explained that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id*. While the Government's argument has some appeal, the better interpretation of § 7433 is that exhaustion of administrative remedies is not a jurisdictional requirement. *See Lindsey*, 448 F. Supp. 2d at 50; *Kim v. United States*, 461 F. Supp. 2d 34, 37 n. 3 (2006); *Turner*, 429 F. Supp. 2d at 149; *see also Arbaugh*, 126 S. Ct. 1235.

In the alternative, the Government argues that the Complaint should be dismissed for failure to state a claim. *See* Def.'s Mot. at 5, n. 6. Mr. Lutz rejoins that the motion to dismiss for failure to state a claim under Rule 12(b)(6) should fail because "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Pl.'s Opp. to Def.'s Mot. to Dismiss at 5. Mr. Lutz interprets Rule 8 to mean that every element of the cause of action need not be strictly established as long as the defendant is given fair notice of the basis of the complaint. *Id*. He also claims that a 12(b)(6) motion is an "affirmative defense" that must be "proven." *Id*. at 6.

Mr. Lutz misinterprets Rule 8. The federal rules have not dispensed with the pleading of facts altogether. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965, n. 3. Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. *Id*. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of not

only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *Id.*; 5 WRIGHT & MILLER § 1202, at 94, 95. Further, the Supreme Court in *Twombly* overruled *Conley v. Gibson*, 355 U.S. 41 (1957). *See Twombly*, 127 S.Ct. at 1968 (noting that on such a focused and literal reading of *Conley*'s "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery).   According to *Twombly*'s standard, Mr. Lutz may not simply recite the elements of the cause of action to be sufficient. *Twombly*, 127 S. Ct. at 1965. Mr. Lutz has not asserted any factual allegations with regard to exhausting his administrative remedies that would "raise his claim above a speculative level." *Id.* at 1965.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court will dismiss Mr. Lutz's claim for damages under § 7433 without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion to dismiss [Dkt. #3] and will deny all other pending motions as moot.

A separate order accompanies this Memorandum Opinion.


Date: July 5, 2007                                   _____/s/_____

                                                     ROSEMARY M. COLLYER
                                                     United States District Judge